## STATE v. ABRAHAM CHODOS.[1]

### December 24, 1920.

### No. 21,960.

**Criminal law—robbery—conviction sustained.**

1. Criminal prosecution for robbery in the first degree.   Evidence examined and *held* sufficient to justify the submission of the case to the jury and to support the verdict.

**Rulings on evidence.**

2. There was no reversible error in the rulings of the court on the admissibility of evidence.

**Prisoner's rights not prejudiced.**

3. A juror was asked whether he was acquainted with any of the attorneys in the case.   He answered, no.   He was a nominal party to a suit which the attorney for the defendant tried six years before.   They did not recognize one another until the trial was nearly over.   The

[1]Reported in 180 N. W. 536.

juror says he had no prejudice or feeling of any sort in the matter. It does not appear that the defendant's rights were prejudiced.

Defendant was indicted by the grand jury of Hennepin county charged with the crime of robbery in the first degree, tried in the district court for that county before Steele, J., and a jury and found guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*George B. Leonard* and *J. H. Sapiro,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, *Floyd B. Olson,* County Attorney, and *Elmer W. Gray,* Assistant County Attorney, for respondent.

QUINN, J.

Defendant was tried and convicted of the crime of robbery in the first degree, in Hennepin county. He appealed from an order denying his motion for a new trial.

It is contended on behalf of the prosecution, that between seven and eight o'clock in the evening of January 12, 1920, the defendant went into the store of the witness Jacob Neiman, in the city of Minneapolis, and asked Neiman for a lunch; that at the same time he drew a revolver, pointed it at Neiman and said: "Hands up," then backed up to the counter, reached across and took $12 from the money till, and then backed out through the door, firing as he passed out.

The witnesses Neiman and Schwartz testified upon the trial and identified the accused as the person who committed the act. The store room is about 10 by 14 feet in size, and was lighted by electricity at the time. Both witnesses testified that they saw the person that committed the robbery plainly and distinctly, and that the defendant is the man.

The defense was an alibi. The defendant testified that he was never in Neiman's store and never robbed anybody; that he is 24 years of age and lives with his parents in Minneapolis. There was other testimony bearing upon the identity and whereabouts of the defendant at the time in question, offered by both sides of the controversy. The testimony in our opinion was amply sufficient to justify submitting the case to the jury and to support the verdict.

We have examined the record with reference to the rulings upon the admissibility of evidence and find no reversible error. Certain witnesses were interrogated upon cross-examination as to whether they had a conversation with the defendant at a certain time. They answered that they had. They were not asked as to the conversation. Upon redirect examination the defense undertook to elicit the conversation, but was not permitted to do so. The ruling was correct. Nor was it error to permit the witnesses Marxon and Mealey to testify as to the result of their efforts to locate the Shefners. This testimony bore directly upon the probability of the story told by the defendant while on the witness stand.

We are satisfied that defendant was in no way prejudiced by the oversight in the examination of the juror Strohmeier as to his qualification to sit in the case. He could have no personal interest therein. He answered that he was not acquainted with any of the attorneys in the case. It appears that, some six years before, he met the attorney for defendant upon the trial of a cause in which the juror was a nominal party defendant, and was cross-examined as a witness. Neither recognized the other when they met upon this case until the trial was nearly over. The juror says that he did not recognize the attorney and that he had no prejudice or feeling of any sort in the matter. We are satisfied that the defendant had a fair trial and that there is no reason for disturbing the verdict.

Affirmed.